IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | |
|---|---|
| **DANVILLE HOSPITALITY, d/b/a SUNRISE INN OF DANVILLE,**<br><br>Plaintiff,<br><br>v.<br><br>**WESTERN WORLD INSURANCE COMPANY**<br><br>Defendant. | Case No. 2:21-CV-2193 |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, WESTERN WORLD INSURANCE CO., ("WWIC") by and through its attorneys, Nielsen, Zehe & Antas, P.C., respectfully removes his action from the from the District Court of Vermilion County, Illinois, to the United States District Court for the Central District of Illinois.  This Notice is submitted pursuant to 28 U.S.C. § 1446.

In support of its Removal, WWIC states as follows:

### I. TIMELINESS OF REMOVAL

1. On or about May 3, 2021, Plaintiff, Danville Hospitality, d/b/a Sunrise Inn of Danville. ("Danville") filed a complaint against WWIC in the District Court of Vermilion County, Illinois.  A copy of that Complaint is included in Exhibit A to this Notice.

2. Plaintiff served the Complaint on Defendant on June 24, 2021.

3. Defendant has not answered the Complaint.

4. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because fewer than thirty (30) days have passed since WWIC received "through service or otherwise ... a copy

of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See* 28 U.S.C. § 1446(b).

## II. JURISDICTIONAL BASIS FOR REMOVAL

5. WWIC seeks to remove this case to federal court on the basis of complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332.

6. For purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business ...." 28 U.S.C. § 1332(c)(1).

7. Defendant, WWIC is an insurance company organized as a corporation under the laws of the State of New Jersey and with its principal place of business in Parsippany, New Jersey. Thus, WWIC is a citizen of New Jersey.

8. For purposes of diversity jurisdiction, a Limited Liability Company is "deemed to be a citizen of each state in which its members are citizens." 28 U.S.C. § 1332(c)(1).

9. On information and belief, Danville all members of Danville are citizens of the State of Illinois and no members of Danville are citizens of New Jersey. Danville is therefore a citizen of the State of Illinois.

10. Accordingly, there is complete diversity between the Plaintiff and the Defendant. Defendants are entitled to have this cause removed from the District Court of Vermilion County, Illinois, to the United States District Court for the Central District of Illinois, the federal district encompassing the jurisdiction where the state suit is pending. Therefore, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1441(a).

### III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

11. Plaintiff is seeking compensatory damages for Defendant's alleged breach of contract with respect to damage to a commercial property's roof and a claim under 215 ILCS 5/155. According to the complaint, Plaintiff seeks costs from Defendant in amounts exceeding $30,001.00. (Complaint, Para. 2) Plaintiff's complaint is premised on its claim that repairs to the property roof totaled $182,685.81 but WWIC paid only $289.66. (Complaint, Para. 14) Because Plaintiff is diverse from Defendant and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00, this Court has jurisdiction over the claims pursuant to 28 U.S.C. § 1332.

### IV. PAPERS FROM REMOVED ACTION

13. Copies of all process, pleadings, and orders served on the Defendant in the action pending in the District Court of Vermilion County, Illinois are attached as Exhibit A.

### V. DEFENDANTS' ANSWERS AND DISCLOSURE STATEMENTS

14. Defendant has contemporaneously filed its Corporate Disclosure Statement with this Notice of Removal and will file its Answer within seven (7) days of filing this Notice of Removal as allowed under Fed.R.Civ.P. 81(c)(2).

### VI. NOTICE TO PLAINTIFF

15. Defendant has served written notice of this filing on counsel for Plaintiffs as required by 28 U.S.C. § 1446(d).

### VII. NOTICE TO STATE COURT WHERE REMOVED ACTION WAS PENDING

16. After the filing of this Notice of Removal, Defendant will transmit a copy of this Notice of Removal to the Clerk of the District Court of Vermilion County, Illinois as required by 28 U.S.C. § 1446(d). A copy of the Notice that will be filed with the District Court of Vermilion County is attached as Exhibit B.

## VIII. NON-WAIVER OF DEFENSES

17. By removing this action from the District Court of Vermilion County, WWIC does not waive any defenses available to it or admit any of the allegations in Plaintiff's complaint.

WHEREFORE, Defendant respectfully removes the above-captioned action from the District Court of Vermilion County to the United States District Court for the Central District of Illinois.

                                              Respectfully submitted,

                                By:    */s/ Terry L. Welch, Jr.*

James M. Hoey
Terry L. Welch
**NIELSEN, ZEHE & ANTAS, P.C.**
55 West Monroe Street, Ste. 1800
Chicago, Illinois 60603
(312) 322-9900
Attorney No. 44274
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, the undersigned non-attorney, certify that a true and correct copy of the foregoing ***Defendant's Notice of Removal*** was served by electronic mail, on this 23rd day of July, 2021, before 5:00 p.m., to the attorneys listed below:

***Attorneys for Plaintiff***
Britney Jackson
The Potts Law Firm, LLP
3737 Buffalo Speedway, Ste. 1900
Houston, Texas 77098
T: (713) 963-8881
F: (713) 583-5388
bjackson@potts-law.com

                                              */s/ Katelyn Geever*